1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    LARRY FORD,                                No. 2:20-cv-2087-EFB P

11                   Plaintiff,

12         v.                                    <u>ORDER</u>

13    GAVIN NEWSOM, et al.,

14                   Defendants.

15

16         Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17    U.S.C. § 1983.  His initial complaint was dismissed on screening with leave to amend.  ECF No.

18    4.  After an extension of time, he has filed an amended complaint (ECF No. 12) which the court

19    must screen.[1]

20         In screening plaintiff's original complaint, the court identified two unrelated claims that

21    plaintiff had improperly joined in a single complaint.  *See* ECF No. 4 at 2-3.  The two unrelated

22    claims were (1) a claim regarding plaintiff's health and safety amidst the COVID-19 pandemic

23    and (2) a claim against two transportation officers arising from injuries plaintiff sustained during

24    a van transport.  Plaintiff's amended complaint (ECF No. 12) re-alleges these two unrelated

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

1

1   claims.  The only material difference between the complaints is that the amended complaint

2   names fewer defendants.  It was not the number of defendants, however, that was problematic

3   with the original complaint.  The problem was that the two unrelated substantive claims could not

4   be properly brought together in a single action.  That is, plaintiff must pursue each claim in

5   separate civil lawsuits.

6        Federal Rule of Civil Procedure 20(a)(2) requires that the right to relief against multiple

7   defendants arise out of common events and contain common questions of law or fact.  As the

8   court previously stated (ECF No. 4 at 2-3), plaintiff's COVID-19 claim and his van transportation

9   claim do not share common questions of law or fact.  The question of whether CDCR officials

10  violated plaintiff's rights with respect to their handling of the COVID-19 pandemic is entirely

11  unrelated to the question of whether another defendant violated plaintiff's rights during a

12  particular van transport.

13       The court declines to select a claim for plaintiff to proceed with in this action because

14  plaintiff is the master of his complaint and the court has no insight into as to how he "values"

15  each of his claims.  In an abundance of caution, the court will afford plaintiff a final opportunity

16  to amend his complaint by narrowing it to only one of his two claims.  Plaintiff is informed that if

17  his next complaint contains unrelated claims that cannot be properly brought together in a single

18  lawsuit, the court will recommend that this action be dismissed for failure to comply with a court

19  order.

20       Accordingly, it is ORDERED that:

21  1.  Plaintiff's amended complaint (ECF No. 12) is dismissed with leave to file a second

22       amended complaint within 30 days from the date of service of this order; and

23  2.  Failure to comply with this order may result in dismissal of this action.

24  DATED:  March 5, 2021.

25

26       EDMUND F. BRENNAN
         UNITED STATES MAGISTRATE JUDGE

27

28

2