UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY FORD, | No. 2:20-cv-2087-EFB P |
| Plaintiff, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

      Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After two dismissals pursuant to 28 U.S.C. § 1915A (ECF Nos. 4 & 15), he has filed a second amended complaint (ECF No. 16).

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

      The second amended complaint (ECF No. 16) is limited to one claim. It alleges that two unnamed transportation officers failed to secure plaintiff's seatbelt prior to transporting him on October 15, 2019. *Id.* at 1. The vehicle ran into a "large object" at a speed of 65 miles per hour,

causing injuries to several areas of plaintiff's body. *Id.* at 2. Plaintiff seeks $25,000 in damages. *Id.* For the reasons stated below, these allegations are insufficient to survive screening.

Plaintiff states that he is bringing a claim pursuant to 42 U.S.C. § 1983, however, he does not specify his federal statutory or constitutional grounds for relief. Most applicable to plaintiff's allegations under a section 1983 claim is the Eighth Amendment, which requires that prison officials take reasonable measures to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison official violates an inmate's right to safety if (1) the deprivation alleged is objectively "sufficiently serious," and (2) the prison official had a "sufficiently culpable state of mind." *Id.* at 834. A sufficiently culpable state of mind is one of "deliberate indifference" to inmate health and safety. *Id.* To act with deliberate indifference, a defendant must know of and disregard an excessive risk to the inmate's health or safety. *Id.* at 837, 842 (knowledge can be inferred from the obviousness of the risk). Here, plaintiff's scant allegations – that unnamed officers did not fasten his seatbelt – are not enough to survive screening. At most they suggest a state law claim of negligence which is not actionable under section 1983. *See Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 906 (8th Cir. 1999) (use of transportation vehicles "without safety restraints" does not expose prisoners to an obvious and "substantial risk of serious harm"); *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012) (failure to provide seatbelts in a prison vehicle "does not, standing alone, violate the Eighth or Fourteenth Amendments"); *Jones v. Collins*, No. 05-663-JPG, 2006 U.S. Dist. LEXIS 35245 (S.D. Ill. June 1, 2006) (allegations of "reckless driving or the failure to fasten seatbelt, [ ] present, at best, claims of negligence").

In any third amended complaint, should plaintiff choose to file one, he must (1) specify the federal statutory or constitutional grounds for relief; and (2) if asserting an Eighth Amendment claim, plead facts showing that a defendant acted with the requisite deliberate indifference. *See, e.g., Brown v. Fortner*, 518 F.3d 552, 561 (8th Cir. 2008) ("driving recklessly while transporting a shackled inmate who had been denied the use of a seatbelt and ignoring requests to slow down violated the constitutional prohibition against cruel and unusual punishment"); *Ortiz v. Garza*, No. 1:15-cv-1370-DAD-JLT, 2016 U.S. Dist. LEXIS 48576, at *10

(E.D. Cal. Apr. 7, 2016) (a plaintiff may state a cognizable claim for a violation of the Eighth Amendment when the prison official places a shackled inmate in a van without benefit of seatbelts and then drives recklessly); *Brown v. Saca*, No. 09-01608-ODW, 2010 U.S. Dist. LEXIS 64964, at *9 (C.D. Cal. June 9, 2010) ("plaintiff's allegations that Saca and Crispin refused to secure his seatbelt are sufficient to state a claim under the Eighth Amendment because he has alleged that Saca and Crispin acted recklessly"). Plaintiff must also identify the defendant transportation officers by name (as he appears to have done in his original complaint, *see* ECF No. 1 at 26 (identifying transportation officers as Cassol and Matthews)). Unknown persons cannot be served with process until they are identified by plaintiff in the operative complaint with their real names.

<u>Leave to Amend</u>

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

## Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's second amended complaint (ECF No. 16) is DISMISSED with leave to amend within 30 days from the date of service of this order; and

2. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: March 25, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE