UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY FORD, | No. 2:20-cv-2087-EFB P |
| Plaintiff, | |
| v. | ORDER |
| GAVIN NEWSOM, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After three dismissals pursuant to 28 U.S.C. § 1915A (ECF No. 4, 15, & 17), he has filed a third amended complaint, ECF No. 18, which is before the court for screening.¹

Like the prior complaints, the third amended complaint concerns an accident on October 15, 2019, when plaintiff was transported by van to a medical appointment. ECF No. 18 at 2. At the time of the accident the van was travelling at least 65 miles per hour. *Id.* at 6. Plaintiff, who was in "a hard metal cage[ ] without the benefit of seatbelts," was thrown around the cage as the

---

¹ Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

van went up in the air. *Id.* at 5-6. Defendant correctional officers Cassol and Matthews were the transporting officers. Cassol, who was driving, allegedly ignored repeated requests from Matthews to slow down. *Id.* at 9. When plaintiff arrived at his previously-scheduled medical appointment, the nurse noticed plaintiff's swollen forehead and sent him to the emergency room. *Id.* at 6. Plaintiff does not allege the extent of any injuries he sustained as a result of the accident.

Once again, plaintiff's complaint must be dismissed with leave to amend. The problem this time around is that the complaint fails to include a request for relief. A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). Rule 8(a)(3) requires a complaint to contain a demand for judgment for the relief sought. In any fourth amended complaint, plaintiff must include a request for relief, such as monetary damages or specific injunctive relief.

The court also notes that the complaint does not demonstrate any constitutional wrongdoing on the part of defendant Matthews, whose alleged involvement is limited to assisting plaintiff in boarding the van and encouraging Cassol to slow down during ride. *See Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 906 (8th Cir. 1999) (use of transportation vehicles "without safety restraints" does not itself expose prisoners to an obvious and "substantial risk of serious harm"); *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012) (failure to provide seatbelts in a prison vehicle "does not, standing alone, violate the Eighth or Fourteenth Amendments").

Based on the foregoing, plaintiff's third amended complaint is dismissed, with leave to amend, for failure to comply with Rule 8.

Accordingly, IT IS ORDERED that:

1. The Clerk shall send to plaintiff a form civil rights complaint for prisoners.
2. Plaintiff's third amended complaint (ECF No. 18) is DISMISSED with leave to amend within 30 days from the date of service of this order; and

/////

3. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: April 26, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE