UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY FORD, | No. 2:20-cv-2087-KJM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| CASSOL, | |
| Defendant. | |

  Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed two motions related to discovery. He has also filed a motion requesting that "all further proceedings on this matter be virtual." ECF No. 35.

  In the first motion (ECF No. 32), plaintiff requests a sixty-day extension of time to respond to defendant's discovery requests. He states that his mail was delayed by forty days, and that he only recently received discovery requests that defendant had served on August 26, 2021. Good cause appearing, plaintiff's motion (ECF No. 32) is granted to the extent that plaintiff shall have an additional 60 days from the date of this order to respond to defendant's discovery requests.

  In the second motion (ECF No. 33), plaintiff attempts to serve a request for discovery on defendant. Plaintiff must, however, serve his discovery requests (including interrogatories, requests for admissions, and/or requests for production) on defense counsel rather than filing

them with the court.  *See* E.D. Cal. Local Rules 250.2-250.4.  Pursuant to the court's discovery and scheduling order (ECF No. 30), written requests for discovery were to be served no later than September 17, 2021.  If plaintiff wishes to extend this deadline, he may request a stipulation from defendant and, if unsuccessful, then file a motion with the court demonstrating good cause for such an extension.

Finally, plaintiff asks that because of mail delays and library closures, "all further proceedings on this matter be virtual."  ECF No. 35.  It is not clear what plaintiff means by his request.  However, assuming plaintiff is requesting remote court appearances rather than in-person proceedings, the motion is premature.  If, eventually, the court finds that oral argument would be beneficial to the court concerning a matter in this case, the court may schedule a telephone or video conference among the parties.  Until then, there is no basis for deeming all further proceedings in this case "virtual."  Further, if this case proceeds to a trial or other evidentiary hearing it will be for the judge conducting the trial or evidentiary hearing to determine whether testimony will be taken by video or in-person in the courtroom.

Accordingly, it is ORDERED that:

1. Plaintiff's motion to extend the deadline for responding to defendant's written discovery (ECF No. 32) is granted to the extent that plaintiff shall have an additional 60 days from the date of this order to respond to defendant's discovery requests.
2. Plaintiff's motion for discovery (ECF No. 33) is denied without prejudice to the filing of a motion to extend the deadline for serving written discovery that is supported by good cause.
3. Plaintiff's motion for all further proceedings on this matter to be virtual (ECF No. 35) is denied.

DATED: November 12, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE