1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LARRY FORD,                                No.  2:20-cv-02087-KJM-EFB (PC)

12              Plaintiff,

13         v.                                    ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14    MATTHEW CASSOL,

15              Defendant.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought pursuant to 42

18   U.S.C. § 1983.  Defendant moves for summary judgment.  ECF No. 47.  For the reasons that

19   follow, the motion must be denied.

20   **I.    The Complaint**

21        In the operative (fourth amended) complaint, plaintiff alleges defendant, a correctional

22   officer, transported him to an appointment outside of prison on October 15, 2019.  ECF No. 22 at

23   2. Defendant allegedly placed plaintiff in a locked steel cage in a van without a seatbelt, then

24   drove erratically, "at a high rate of speed," and "making unsafe vehicle passes."  *Id.*  As plaintiff

25   describes it, during the drive, "there was a very loud impact sound which caused the van to go

26   airborne which in turn thrusted me forward resulting in multiple head and body injuries."  *Id.*  For

27   several minutes following the crash (presumably the van was no longer moving), defendant's co-

28   worker, correctional officer Matthews, gave defendant a "verbal lashing . . . about his erratic

                                            1

1    driving." *Id.* at 2-3.  Then defendant opened the van door to tell plaintiff that another van would

2    take him the rest of the way to the appointment.  *Id.* at 3.  Plaintiff claims that he told defendant

3    that he slammed into the cage and was hurt from the impact, but defendant just closed the door

4    and walked away.  *Id.*  Plaintiff alleges that defendant violated his Eighth Amendment right to be

5    free from cruel and unusual punishment by driving unsafely while plaintiff was unseatbelted and

6    shackled and by failing to obtain medical care after the wreck.  *Id.*

7    **II.    Plaintiff's Discovery Motion**

8         As an initial matter, the court must address an outstanding discovery issue.  On May 31,

9    2022, plaintiff sought additional time for discovery to obtain evidence to support his opposition to

10   the motion for summary judgment, which the court granted on August 3, 2022.  ECF No. 61.  The

11   court gave plaintiff 45 days to conduct discovery and 60 days to supplement his opposition to the

12   motion.  *Id.*  These deadlines have passed, and plaintiff did not file a supplement.  However, on

13   October 27, 2022, plaintiff filed a request that the court conduct a hearing regarding defendant's

14   allegedly insufficient discovery responses.  ECF No. 64.  Plaintiff complains that defendant did

15   not provide him with a police report and a towing company report concerning the van wreck and

16   that defendant blacked out "relevant names and information" in other documents.  Defendant

17   responds that he provided all the tow and inspection records and redacted only sensitive or

18   confidential information.  ECF No. 65.

19        The court will deny plaintiff's request.  The motion is untimely, as even the extended

20   deadline provided by the court on August 3rd has passed.  More importantly, defendant contends

21   that the information sought by plaintiff has been provided to the extent it is relevant and within

22   defendant's possession and control, and plaintiff has failed to counter this assertion with a

23   showing of relevancy.  Fed. R. Civ. P. 26(b)(1) (a party may obtain discovery of information that

24   is relevant to a claim or defense).  The court provided plaintiff with ample time to pursue

25   discovery and is unwilling to delay resolution of the motion for summary judgment further where

26   there is no showing that the information plaintiff seeks is necessary to oppose that motion or, at a

27   more fundamental level, relevant to his claim.

28   ////

1    **III.    The Motion for Summary Judgment**

2         **A.    Summary Judgment Standards**

3         Summary judgment is appropriate when there is "no genuine dispute as to any material

4    fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Summary

5    judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant

6    to the determination of the issues in the case, or in which there is insufficient evidence for a jury

7    to determine those facts in favor of the nonmovant.  *Crawford-El v. Britton*, 523 U.S. 574, 600

8    (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v.*

9    *U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994).  At bottom, a summary judgment

10   motion asks whether the evidence presents a sufficient disagreement to require submission to a

11   jury.

12        The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims

13   or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Thus, the rule functions to

14   "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for

15   trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R.

16   Civ. P. 56(e) advisory committee's note on 1963 amendments).  Procedurally, under summary

17   judgment practice, the moving party bears the initial responsibility of presenting the basis for its

18   motion and identifying those portions of the record, together with affidavits, if any, that it

19   believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323;

20   *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  If the moving party meets

21   its burden with a properly supported motion, the burden then shifts to the opposing party to

22   present specific facts that show there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Anderson*,

23   477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

24        A clear focus on where the burden of proof lies as to the factual issue in question is crucial

25   to summary judgment procedures.  Depending on which party bears that burden, the party seeking

26   summary judgment does not necessarily need to submit any evidence of its own.  When the

27   opposing party would have the burden of proof on a dispositive issue at trial, the moving party

28   need not produce evidence which negates the opponent's claim.  *See, e.g., Lujan v. National*

3

1   *Wildlife Fed'n*, 497 U.S. 871, 885 (1990).  Rather, the moving party need only point to matters

2   which demonstrate the absence of a genuine material factual issue.  *See Celotex*, 477 U.S. at 323-

3   24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a

4   summary judgment motion may properly be made in reliance solely on the 'pleadings,

5   depositions, answers to interrogatories, and admissions on file.'").  Indeed, summary judgment

6   should be entered, after adequate time for discovery and upon motion, against a party who fails to

7   make a showing sufficient to establish the existence of an element essential to that party's case,

8   and on which that party will bear the burden of proof at trial.  *See id*. at 322.  In such a

9   circumstance, summary judgment must be granted, "so long as whatever is before the district

10  court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is

11  satisfied."  *Id*. at 323.

12        To defeat summary judgment the opposing party must establish a genuine dispute as to a

13  material issue of fact.  This entails two requirements.  First, the dispute must be over a fact(s) that

14  is material, i.e., one that makes a difference in the outcome of the case.  *Anderson*, 477 U.S. at

15  248 ("Only disputes over facts that might affect the outcome of the suit under the governing law

16  will properly preclude the entry of summary judgment.").  Whether a factual dispute is material is

17  determined by the substantive law applicable for the claim in question.  *Id*.  If the opposing party

18  is unable to produce evidence sufficient to establish a required element of its claim that party fails

19  in opposing summary judgment.  "[A] complete failure of proof concerning an essential element

20  of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex*, 477 U.S.

21  at 322.

22        Second, the dispute must be genuine.  In determining whether a factual dispute is genuine

23  the court must again focus on which party bears the burden of proof on the factual issue in

24  question.  Where the party opposing summary judgment would bear the burden of proof at trial on

25  the factual issue in dispute, that party must produce evidence sufficient to support its factual

26  claim.  Conclusory allegations, unsupported by evidence are insufficient to defeat the motion.

27  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Rather, the opposing party must, by affidavit

28  or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue

4

1    for trial.  *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076.  More significantly, to

2    demonstrate a genuine factual dispute, the evidence relied on by the opposing party must be such

3    that a fair-minded jury "could return a verdict for [him] on the evidence presented."  *Anderson*,

4    477 U.S. at 248, 252.  Absent any such evidence there simply is no reason for trial.

5           The court does not determine witness credibility.  It believes the opposing party's

6    evidence and draws inferences most favorably for the opposing party.  *See id*. at 249, 255;

7    *Matsushita*, 475 U.S. at 587.  Inferences, however, are not drawn out of "thin air," and the

8    proponent must adduce evidence of a factual predicate from which to draw inferences.  *Am. Int'l*

9    *Group, Inc. v. Am. Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing

10   *Celotex*, 477 U.S. at 322).  If reasonable minds could differ on material facts at issue, summary

11   judgment is inappropriate.  *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).  On

12   the other hand, the opposing party "must do more than simply show that there is some

13   metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead

14   a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"

15   *Matsushita*, 475 U.S. at 587 (citation omitted).  In that case, the court must grant summary

16   judgment.

17          Concurrent with the motion for summary judgment, defendant advised plaintiff of the

18   requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.

19   ECF No. 47; *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952,

20   957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849

21   F.2d 409 (9th Cir. 1988).[1]

22   ////

23   ////

24   ////

25          [1] Defendant objects to plaintiff's filing of a sur-reply.  ECF No. 59.  The Federal Rules of
26   Civil Procedure and the Local Rules of this court do not provide for briefing beyond the reply,
     and plaintiff did not seek leave to file further briefing.  Plaintiff states in the sur-reply that he felt
27   it necessary to respond to "incorrect" content in defendant's reply.  ECF No. 58 at 2.  However,
     the court finds the sur-reply unnecessary to determine the issues raised by defendant's motion and
28   therefore has not considered it in making these findings and recommendations.

1      **B.      Analysis**

2          Defendant first argues that plaintiff cannot establish that defendant violated his Eighth

3   Amendment rights by causing the wreck.  The Eighth Amendment protects prisoners from

4   inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan v.*

5   *Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  "Prison officials have a duty to ensure that

6   prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal

7   safety."  *Johnson v. Lewis*, 217 F.3d 726, 731-32 (9th Cir. 2000) (quotations and citations

8   omitted).

9          An inmate who alleges that he was subjected to an unsafe condition in violation of the

10  Eighth Amendment must state facts sufficient to satisfy the "deliberate indifference" standard;

11  i.e., he must allege that the defendant prison officials (1) subjected him to a substantial risk of

12  serious harm with (2) subjective awareness of the risk.  *Farmer v. Brennan*, 511 U.S. 825, 834,

13  838 (1994).

14         The Eighth Amendment also confers on prisoners a right to be free from excessive force at

15  the hands of correctional staff.  *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002).  To succeed

16  on a claim of excessive force, a prisoner must show that a correctional officer used force against

17  him maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or

18  restore discipline.  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  To determine whether the

19  evidence establishes such a scenario, the factfinder may consider: (1) the need for force; (2) the

20  relationship between that need and the amount of force used; (3) the threat reasonably perceived

21  by the officer; (4) the extent of injury suffered by the plaintiff; and (5) any efforts made to temper

22  the severity of the forceful response.  *Id.* at 7.

23         Some courts have held that prisoner-plaintiffs cannot hold an official liable under § 1983

24  for injuries sustained in a car accident, relying on dicta in *Paratt v. Taylor*, 451 U.S. 527, 544

25  (1981), that disparaged an overly-broad interpretation of § 1983 under which "any party who is

26  involved in nothing more than an automobile accident with a state official could allege a

27  constitutional violation under § 1983."  *E.g., Carrasquillo v. City of N.Y.*, 324 F. Supp. 2d 428,

28  436-37 (S.D.N.Y. 2004).

1    Many other courts have recognized, however, that some "car accident" factual scenarios

2    may justify liability under § 1983.  *E.g., Thompson v. Commonwealth*, 878 F.3d 89 (4th Cir.

3    2017) (subjecting a prisoner to a "rough ride" violated his well-established Eighth Amendment

4    right to be free from excessive force); *Rogers v. Boatright*, 709 F.3d 403 (5th Cir. 2013)

5    (prisoner-plaintiff stated an Eighth Amendment deliberate indifference claim where he alleged

6    that defendant-correctional officer operated a transport van recklessly, knowing there was a

7    substantial risk that plaintiff would be injured if the van stopped abruptly because plaintiff was

8    shackled in leg irons and handcuffs with no seatbelt); *Brown v. Fortner*, 518 F.3d 552 (8th Cir.

9    2008) (a jury may find an Eighth Amendment violation from evidence that defendant-correctional

10   officer knew that prisoner-plaintiff had no seatbelt on and was shackled such that he could not

11   secure himself and nevertheless drove recklessly at excessive speeds, ignoring the requests of

12   inmates to slow down); *Bulkin v. Ochoa*, No. 1:13-cv-00388-DAD-EPG (PC), 2016 U.S. Dist.

13   LEXIS 169423 (E.D. Cal. Dec. 7, 2016) (jury could find an Eighth Amendment violation where

14   defendant-correctional officer refused to seatbelt prisoner-plaintiff and then drove recklessly,

15   disregarding requests to slow down).

16   Defendant argues that plaintiff's deposition testimony, in which plaintiff referred to the

17   van wreck as an "accident," shows that defendant did not have the subjective intent required by

18   the deliberate indifference standard.  However, defendant has submitted only excerpts of the

19   deposition, contrary to Eastern District Local Rule 133(j): "Before or upon the filing of a

20   document making reference to a deposition, counsel relying on the deposition shall ensure that a

21   courtesy hard copy of the entire deposition so relied upon has been submitted to the Clerk for use

22   in chambers.  Alternatively, counsel relying on a deposition may submit an electronic copy of the

23   deposition in lieu of the courtesy paper copy to the email box of the Judge or Magistrate Judge

24   and concurrently email or otherwise transmit the deposition to all other parties."  In its August 3,

25   2022 order, the court cautioned defendant that it would not consider excerpts from plaintiff's

26   deposition in support of the motion for summary judgment unless defendant provided the court

27   with a courtesy copy of the entire transcript.  ECF No.61 at 3-4.  Defendant's failure to lodge the

28   entire transcript prevents the court from holistically evaluating plaintiff's testimony.  The court

7

1   declines to infer that plaintiff cannot show that defendant's allegedly reckless driving posed a

2   substantial risk of serious harm to plaintiff from (1) plaintiff's use of the word "accident" to

3   describe the van wreck – a word used commonly to describe car crashes regardless of their cause

4   or the state of mind of any involved party – and/or (2) plaintiff's testimony that defendant did not

5   intend to cause an accident.  In light of substantial persuasive authority holding that an

6   automobile "accident" can support an Eighth Amendment claim in the factual scenario presented

7   by plaintiff's complaint – where defendant knew plaintiff had no seatbelt yet drove recklessly and

8   at excessive speeds – the court must reject defendant's request for summary adjudication of

9   plaintiff's claim premised on the crash itself.

10          Defendant next argues that plaintiff cannot establish that defendant delayed or disregarded

11  his need for medical attention following the wreck.  To succeed on an Eighth Amendment claim

12  predicated on allegedly deficient medical care, a plaintiff must establish that: (1) he had a serious

13  medical need and (2) the defendant's response to that need was deliberately indifferent.  *Jett v.*

14  *Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106

15  (1976).  A serious medical need exists if the failure to treat the condition could result in further

16  significant injury or the unnecessary and wanton infliction of pain.  *Jett*, 439 F.3d at 1096.  A

17  deliberately indifferent response may be shown by the denial, delay or intentional interference

18  with medical treatment or by the way in which medical care was provided.  *Hutchinson v. United*

19  *States*, 838 F.2d 390, 394 (9th Cir. 1988).  A defendant will be liable for violating the Eighth

20  Amendment if he knows that plaintiff faces "a substantial risk of serious harm and disregards that

21  risk by failing to take reasonable measures to abate it."  *Farmer*, 511 U.S. at 847.  "[I]t is enough

22  that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."

23  *Id*. at 842.

24          Defendant claims that plaintiff lacks evidence that defendant knew that plaintiff needed

25  immediate medical care or that defendant delayed summoning that care.  According to defendant,

26  the undisputed facts show that defendant called his supervisor after the accident, who told

27  defendant that plaintiff would continue on to his medical appointment in a different van.

28  Defendant claims that plaintiff testified in his deposition that he never communicated a need for

8

1    urgent care to defendant.  This is a misleading characterization of plaintiff's testimony.  Plaintiff

2    testified:

3        CO Cassol damaged the van that was totaled, inoperable.  He had a human body
         in that van, me.  CO Cassol when he finally got to the door and opened up the

4        door after minutes of being verbally cursed out by [fellow correctional officer]
         Matthews, he didn't open up the door and say, Mr. Ford, how are you doing?

5        Were you injured or are you all right?  He just said, if I can recall right, we'll be
         taking you in another van to your appointment.  So it will be a few minutes,

6        something like that.  He never said are you all right?  Were you hurt or injured?
         And when I let him get finished saying what he was saying, I went to tell him and,

7        blam, he closed the door.

8    ECF No. 47-3 at 21.[2]  Even from the portions of plaintiff's deposition provided by defendant,

9    plaintiff's testimony provides evidence that defendant disregarded plaintiff's medical needs in the

10   immediate aftermath of the wreck.

11           Defendant also argues that, as he was no longer present with plaintiff at the time plaintiff

12   arrived at the medical facility for his previously-scheduled appointment, he cannot be liable for

13   the failure of correctional staff to alert medical personnel that plaintiff had been in an accident.

14   While this may be true, there remains a dispute about whether defendant's conduct at the scene of

15   the accident amounted to deliberate indifference to plaintiff's serious medical needs.  As the

16   material facts are disputed, summary judgment of plaintiff's claim that defendant was deliberately

17   indifferent to his serious medical needs following the crash is not appropriate.

18           Defendant next argues that plaintiff cannot establish that any delay in treatment caused

19   him harm.  Defendant submits evidence that plaintiff was examined at the medical center for the

20   injuries caused by the accident at 11:12 a.m. (the accident occurred at 7:45 a.m.), found that

21   plaintiff had a "closed head injury" and "possibly a neck strain," and recommended ibuprofen.

22   Even if the court accepts defendant's argument that the undisputed evidence before the court

23   shows that any delay did not cause plaintiff further harm, the same undisputed evidence shows

24   that plaintiff *was injured* as a result of defendant's allegedly deliberately-indifferent conduct (in

25   driving recklessly and at excessive speeds knowing that plaintiff had no seatbelt or means to

26

27           [2] Again, the court lacks the entire deposition transcript due to defendant's failure to follow
     Local Rule 133.  While the court declines to use deposition excerpts to support defendant's

28   claims, it will note where the excerpts do not provide support.

1    secure himself in the event of an accident).  While the delay between the time of the accident and

2    the time of treatment may not have exacerbated plaintiff's injuries (an issue which the court need

3    not, and does not, decide herein), it is possible that plaintiff suffered unnecessarily in this time

4    because defendant did not summon emergency care.  In fact, plaintiff testified at his deposition

5    that, when he was being moved to the new transport van, he "was totally injured, almost halfway

6    knocked out.  I was in so much pain I couldn't – I wasn't conscious of myself fully."  ECF No.

7    47-3 at 18.  Moreover, plaintiff does not solely allege that defendant violated his rights by

8    delaying treatment for the injuries – he alleges that defendant violated his rights by causing the

9    injuries in the first place.

10          Lastly, defendant argues that he should be afforded qualified immunity.  To determine

11   whether to do so at the summary judgment stage, the court must consider whether the undisputed

12   facts show that a constitutional violation occurred, and whether the constitutional right at issue

13   was clearly established at the time of the incident.  *Pearson v. Callahan*, 555 U.S. 223, 232

14   (2009).  If the undisputed facts show no constitutional violation, or if the right was not clearly

15   established, the court should grant the official qualified immunity.  *Id.*  In determining whether

16   the right was clearly established, the court must ask (1) whether the law governing the official's

17   conduct was clearly established and (2) whether a reasonable official, in the same position faced

18   by the defendants, would understand that his conduct violated the law.  *Saucier v. Katz*, 533 U.S.

19   194, 202 (2001).

20          The constitutional right of an inmate to be confined in safe conditions has been clearly

21   established since *Farmer v. Brennan*, 511 U.S. 825 (1994).  Additionally, an inmate's right to be

22   free from the unnecessary and wanton infliction of pain has been well-established in the Ninth

23   Circuit since at least 1994.  *Martinez v. Stanford*, 323 F.3d 1178, 1183-84 (9th Cir. 2003).  In

24   addition, in the particular context of automobile crashes (whether analyzed under a deliberate

25   indifference standard, as many courts have done, or under an excessive force standard, as the

26   Fourth Circuit has done (*Thompson v. Commonwealth*, 878 F.3d 89 (4th Cir. 2017)), the vast bulk

27   of caselaw is clear – an officer who subjects an unseatbelted, restrained inmate to reckless and

28   /////

10

1 | unsafe driving during transport may be subject to liability under § 1983.  Accordingly, the court

2 | must decline defendant's request for qualified immunity.

3 | **IV.     Order and Recommendation**

4 | In accordance with the above, it is hereby ORDERED that plaintiff's October 27, 2022

5 | motion for discovery hearing (ECF No. 64) is DENIED.  It is further RECOMMENDED that

6 | defendant's April 14, 2022 motion for summary judgment (ECF No. 47) be DENIED.

7 | These findings and recommendations are submitted to the United States District Judge

8 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

9 | after being served with these findings and recommendations, any party may file written

10 | objections with the court and serve a copy on all parties.  Such a document should be captioned

11 | "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

12 | within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

13 | *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

15 | Dated: January 18, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE